**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| CHARLES MUDD, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:24-cv-56-CDP |
| CLAY STANTON, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by state-court prisoner Charles Mudd (also known as Charles Neubauer). ECF No. 1. Because the Court finds that this § 2254 habeas petition is successive and Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive petition, the petition will be denied and dismissed. *See* 28 U.S.C. § 2244(b)(1), (b)(3)(A).

**Background**

**I.      Petitioner's State Court Conviction**

Based on an independent review on Missouri Case.net, the State of Missouri's online docketing system, the Court finds that Petitioner (under the name Charles T Neubauer) pleaded guilty in 2012 in Lincoln County, Missouri to two counts of statutory sodomy in the first degree with a victim less than fourteen years of age, and one count of statutory sodomy in the second degree. *State v. Neubauer*, No. 11L6-CR00138-01 (45th Jud. Cir., 2011). Petitioner was sentenced to concurrent sentences of fifteen years, fifteen years, and seven years. He did not appeal.

However, in 2013, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035.  *Neubauer v. State*, No. 13L6-CC00043 (45th Jud. Cir., 2013).  After the motion court held on a hearing on the matter, Petitioner's motion was denied in November 2014.  He appealed that denial to the Missouri Court of Appeals, who affirmed the motion court's ruling and denied the appeal in 2015.  *Neubauer v. State*, 476 S.W.3d 307, No. ED102414 (Mo. Ct. App. 2015).

## II.    Petitioner's Prior Habeas Filing in this Court

In May 2016, Petitioner filed a pro se petition for writ of habeas corpus in this Court, raising seven grounds for relief, including claims that his trial counsel was ineffective and that Petitioner perjured himself when he pleaded guilty.  *Neubauer v. Sachse*, No. 4:16-cv-767-NAB (E.D Mo. filed May 31, 2016).  On June 25, 2019, the Court denied and dismissed the petition on the merits and denied a certificate of appealability.  *Id.* at ECF No. 26.  Petitioner did not appeal that decision.

### Instant § 2254 Petition

Petitioner again seeks a writ of habeas corpus under 28 U.S.C. § 2254, concerning his state court conviction from 2012 for statutory sodomy.  ECF No. 1 at 1.  His petition was signed August 19, 2024, and received by the Court on August 21, 2024.  *Id.* at 1, 14.  Petitioner asserts that he is actually innocent of the charges that he pled guilty to, and that he only perjured himself due to the threat of receiving a life sentence.  *Id.* at 4.  He also seeks to withdraw his guilty plea, alleging that he received inadequate representation and that he was deceived.  *Id.* at 6.  Petitioner also asserts other grounds of ineffective assistance of counsel, including that his attorney lacked the experience to represent him, that he ignored evidence, and that he did not find an expert witness for Petitioner's case.  *Id.* at 7, 9.  Finally, Petitioner alleges that the dates on his three charges were manipulated, resulting in a double jeopardy violation.  *Id.* at 10.

2

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").

Here, it is hard to discern exactly what grounds Petitioner is raising and whether they are new or repetitive claims. It appears that at least some of his grounds for relief were addressed and denied in his prior § 2254 petition before this Court. Regardless, it plainly appears that Petitioner is not entitled to relief because his petition is successive. To the extent Petitioner seeks to relitigate claims that he brought in his first petition that was denied on the merits, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). There is no evidence in the record that Petitioner has sought or received such permission. Because Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals, this petition must be denied and dismissed as successive. *Boyd*, 304 F.3d at 814 (stating

3

that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for habeas corpus relief under 28 U.S.C. § 2254 is **DENIED and DISMISSED as successive**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of November, 2024.

                                                                            CATHERINE D. PERRY
                                                                            UNITED STATES DISTRICT JUDGE